CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 2 5 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RUSSELL ADAM PELLETIER, | ) | CASE NO. 7:16CV00322 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
|    Respondent. | ) | United States District Judge |

Russell Pelletier, a Virginia inmate proceeding <u>pro se</u>, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Louisa County Circuit Court. Respondent filed a motion to dismiss Pelletier's § 2254 petition, and Pelletier responded, making the matter ripe for disposition. After review of the record, the court concludes that Pelletier's petition is time-barred and partially procedurally defaulted, requiring the motion to dismiss to be granted.

### I. Background

In 2001, a Louisa County Circuit Court jury convicted Pelletier of four offenses: rape, capital murder during the commission of or subsequent to rape, use of a firearm during the commission of murder, and possession of a firearm by a convicted felon. On November 4, 2002, the circuit court sentenced Pelletier to life for rape, life for capital murder, three years for illegal use of a firearm, and two years for illegal possession of a firearm. The circuit court also denied Pelletier's Motion to Set Aside. Pelletier appealed,[1] but the Virginia Court of Appeals affirmed his convictions and the Virginia Supreme Court refused further review on June 4, 2004.

---

[1] Pelletier appealed all of his convictions except for possession of a firearm by a convicted felon.

After that, Pelletier filed a state habeas petition in the Louisa County Circuit Court, which was dismissed in 2005. Pelletier appealed the habeas denial, but the Virginia Supreme Court refused his petition.

Pelletier next filed a federal habeas action, which the district court dismissed with prejudice in 2007. In 2008, the Fourth Circuit Court of Appeals denied Pelletier's appeal and the Supreme Court denied certiorari.

In 2013, Pelletier filed a "Motion to Vacate Based Upon Fraud on the Court" in the Louisa County Circuit Court, raising the single claim: "It is undeniable that the trial prosecutor fabricated evidence for the court to rely upon and the transcripts prove this. The convictions of Adam Pelletier were founded upon, 'Fraud on the Court,' and this conduct by the Prosecutor rendered the judgments void." Pelletier claimed that the prosecutor lied at trial regarding the admission of dog trail evidence. The Louisa County Circuit Court dismissed the petition as untimely and without merit. Pelletier's subsequent appeal was refused by the Virginia Supreme Court, and the United States Supreme Court denied certiorari for a second time in 2014.

Also in 2013, Pelletier filed a second federal habeas in the district court, which the court dismissed in 2014 because the petition was successive under 28 U.S.C. § 2244.

In 2015, Pelletier filed yet another state habeas petition in the Virginia Supreme Court, which the court dismissed sua sponte under Va. Code § 8.01-654(A)(2).

Pelletier then filed a third federal habeas in 2015, raising three ineffective assistance claims and a claim of prosecutorial misconduct. The court dismissed the petition because, once again, the petition was successive under 28 U.S.C. § 2244.

Without receiving authorization from the Fourth Circuit Court of Appeals, Pelletier filed his present petition for a writ of habeas corpus on June 16, 2016, his fourth federal petition. Pelletier alleges the following:

1. Actual innocence: Pelletier was home when the victim, Aimee Meadows was killed;

2. Actual innocence: Michael Taylor's testimony should not have been excluded;

3. The prosecutor intentionally deceived the judge, and trial counsel was ineffective for not objecting to the prosecutor's false statements;

4. Pelletier's statements obtained by Sean Lamb, who wore a wire at the request of law enforcement, were the result of purposefully getting Pelletier drunk and overpowering his will. Trial counsel was ineffective for failing to object to the collection of statements from Pelletier and use of the statements at trial;

5. Louisa police coerced Mark Stanley to write a false statement;

6. Trial counsel was ineffective for not questioning jurors about a newspaper article; and

7. The Prosecution did not present evidence to establish the chain of custody regarding a blood draw when it introduced DNA evidence. Trial counsel was ineffective for not investigating this.

## II. Time-Bar

Pelletier's claims are time-barred. Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Additionally, a petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal statute of limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

Lastly, the United States Supreme Court has allowed for federal review of untimely and/or procedurally defaulted petitions when the petitioner makes a colorable claim of actual innocence under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013) and Schlup v. Delo, 513 U.S. 298 (1995). However, for an actual innocence petition

> [t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

4

Schlup, 513 U.S. at 324 (emphasis added).

The circuit court convicted Pelletier in 2002, he concluded direct review in 2004, his state habeas proceeding ended in 2006, and his first federal habeas was dismissed with prejudice in 2007. Pelletier did not file the present action until 2016. He is not eligible for statutory tolling considering his state proceedings ended almost a decade ago, and he does not satisfy any of the exceptional circumstances under § 2244(d)(1). Further, he has not shown that he is entitled to equitable tolling; he has not offered any proof that he pursued his rights diligently or that any circumstance prevented his timely filing, especially in light of his previous petitions.

Finally, Pelletier has failed to proffer any new reliable evidence regarding his actual innocence. His many self-serving statements do not form the basis of a fundamental miscarriage of justice.[2] "To permit such self-serving testimony to suffice would set the bar 'so low that virtually every [actual innocence] claimant would pass through it." Kuenzel v. Allen, 800 F. Supp. 2d 1162, 1181 (N.D. Ala. 2009) (quoting Hubbard v. Pinchak, 378 F.3d 333, 340 (3rd Cir. 2004)). Pelletier does not offer any acceptable evidence under McQuiggin and Schlup; instead, he makes conclusory statements such as: "[N]o factfinder could have found him guilty, period!" Pet'r's Resp. to the Mot. to Dismiss, at 2 (ECF No. 11). At one point, Pelletier even acknowledges that "the issues were known at trial." Id. Although Pelletier claims that his attorney's ineffectiveness prevented the presentation of the actual

---

[2] Hodnett v. Slayton, 343 F. Supp. 1142, 1145 (W.D. Va. 1972) (A "bare allegation" of a constitutional violation cannot be the basis of habeas relief.).

5

innocence "evidence" at trial, Pelletier does not proffer sufficient factual support for his allegations.

Specifically, Pelletier's actual innocence claims, Claims 1 and 2, fail under Schlup because the claims do not present new reliable evidence and Pelletier had knowledge of the claims at the time of trial. For Claim 1, Pelletier presumably knew at trial where he had been on the night of the murder and rape. Regardless, his self-serving statements are not new reliable evidence under Schlup. For Claim 2, the federal habeas court previously rejected Pelletier's actual innocence claim because "the excluded testimony from Taylor [is] not new evidence as contemplated by Schlup." Pelletier v. Robinson, 2007 U.S. Dist. LEXIS 33743, at *35 (W.D. Va. May 8, 2007).

Pelletier's other claims do not directly raise actual innocence arguments, but the court will analyze them under Schlup to ensure that Pelletier's claims are properly time-barred. Pelletier raised Claim 3 on direct appeal, in his 2013 Louisa County Circuit Court habeas petition, and in his first and third federal habeas petitions. The appellate and habeas courts rejected Pelletier's allegations. See Pelletier v. Commonwealth, 592 S.E.2d 382, 390 (Va. Ct. App. 2004) ("[E]vidence, both direct and circumstantial, establishes that Pelletier admitted he raped and killed the victim and then returned to the beach or the dock and that the victim's body was located in proximity to the point of land where the [dog] trailing began."); Pelletier, No. 13000140-00, at 9-10 (Va. Cir. Ct. Jul. 31, 2013) (agreeing with the Virginia Court of Appeals); Pelletier, 2007 U.S. Dist. LEXIS 33743, at *26-27; Pelletier v. Clarke, 2016 U.S. Dist. LEXIS 51459, at *3 (W.D. Va. Apr. 18, 2016). Regardless, Pelletier's

allegations exclusively complain about trial testimony; therefore Pelletier has not shown that Claim 3 is new, reliable, and previously undiscoverable evidence under Schlup.

For Claim 4, the district court previously found that the state court's dismissal of the claim was not contrary to federal law. Pelletier, 2007 U.S. Dist. LEXIS 33743, at *27. Additionally, the claim regards trial testimony; therefore, Pelletier's claim does not constitute new reliable evidence under Schlup. Claim 6 protests counsel's failure to question jurors about a newspaper article and Claim 7 contends that the prosecution failed to establish chain of custody for DNA evidence. The facts underlying these claims existed, and were discoverable, at the time of trial. Therefore, these claims do not contain new reliable evidence under Schlup.

Therefore, none of Pelletier's claims are excused from the federal time-bar, and the court cannot review the merits of his claims.

### III. Procedural Default[3]

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02

---

[3] Pelletier's petition is also successive. He does not satisfy the requirements of § 2244 and his petition does not fall under any exception. Technically, the court could dismiss Pelletier's petition without prejudice to allow him to request authorization from the Fourth Circuit Court of Appeals to file a successive petition. However, the court has dismissed two of Pelletier's prior habeas petitions without prejudice and still Pelletier has failed to file for and receive permission from the Fourth Circuit. Since his petition is time-barred and most claims are procedurally defaulted, the court will instead dismiss the petition with prejudice in the interest of judicial efficiency.

(4th Cir. 2002) (internal quotation marks and citation omitted). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Also, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennet v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)). A procedural rule is adequate "if it is regularly or consistently applied by the state court," and independent "if it does not 'depend[] on a federal constitutional ruling.'" Yeatts v. Angelone, 166 F.3d 255, 260 (4th Cir. 1999) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985)).

"If a claim is defaulted, then petitioner must fail on that claim unless he can show that cause and prejudice or a fundamental miscarriage of justice might excuse his default." Bell v. True, 413 F. Supp. 2d 657, 676 (W.D. Va. 2006) (citing Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998)).

Claims 1 and 5 have never been presented in Pelletier's prior state or federal filings. The claims could not now be brought to the state court under Virginia's statute of limitations, Va. Code § 8.01-654(A)(2). Therefore, Claims 1 and 5 are exhausted and defaulted under Baker.

Further, Claims 6 and 7 have previously been presented to the Virginia Supreme Court, but the court found the claims time-barred by § 8.01-654(A)(2). Section 8.01-

654(A)(2) is an independent and adequate state ground for denying federal habeas review. Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (Va. Code § 8.01-654(A)(2) is an adequate and independent bar.).

Pelletier proffers no evidence showing either cause or default, and he fails to make a colorable claim of actual innocence because he asserts no "new reliable" evidence in support of his allegations. Instead, Pelletier complains about trial testimony and matters of public record, none of which is "new" and "reliable" evidence under McQuiggin and Schlup. Therefore, Claims 1, 5, 6, and 7 are barred from federal review because they are defaulted and he fails to show cause, prejudice, or a fundamental miscarriage of justice.

## IV.

For the reasons stated, the court **GRANTS** the motion to dismiss. Pelletier's petition is time-barred and partially procedurally defaulted. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Pelletier and to counsel of record for Respondent. Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

ENTER: This 25th day of May, 2017.

/s/ Michael F. Urbanski

United States District Judge